# E. A. Lloyd's Appeal.

Where no exception has been filed on the failure of an auditor to report all the testimony offered before him, the supreme court cannot take cognizance of the subsequent action of the common pleas in refusing to hear depositions offered to show that the testimony claimed to have been omitted from the report was adduced before the auditor,—the matter being purely discretionary.

(Decided November 1, 1886.)

Argued October 13, 1886, before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. October Term, 1886, No. 22, W. D. Certiorari sur appeal to the Common Pleas of Cambria County to review a decree dismissing exceptions to an auditor's report distributing moneys arising from a sheriff's sale. Affirmed.

E. A. Lloyd, by agreement with James Kelly, dated August 23, 1883, constructed a dwelling house on premises owned by the latter. The building was finished on the last days of October, 1884, and on December 10, 1884, Lloyd filed a mechanics' lien under the act of June 16, 1836, and supplements thereto.

While the house was in course of construction James Kelly signed a judgment note in favor of T. F. Zimmerman, on which judgment was confessed in September, 1884. A fi. fa. was issued on this judgment and the property covered by the mechanics' lien was sold and an auditor was appointed to distribute the funds arising from such sale, Lloyd having claimed the proceeds, alleging that his mechanics' lien had precedence of the judgment in favor of Zimmerman. The auditor awarded enough of the fund to pay the Zimmerman judgment in full and Lloyd filed general exceptions to the report. On the hearing in the court below before JOHNSTON, P. J., Lloyd, the exceptant, offered to prove by his own and the testimony of two other witnesses that the auditor omitted to note in his report of the testimony that part of the testimony offered before him relating to the time the building was commenced against which the mechanics' lien was

Cited in Tracy's Estate, 15 Montg. Co. L. Rep. 33, holding that exceptions to an administrator's account must be filed within the time required by the court rules.

filed. The affidavit that such testimony had been adduced before the auditor had been filed in court, and after the filing of such affidavit, testimony was taken under rule of court after due notice to sustain the same, which was offered to the court. The court refused such offer, dismissed the exceptions to the auditor's report, and confirmed the same; whereupon this appeal was taken, the appellant assigning as error the action of the court in refusing to hear the depositions, and in confirming the report.

*Alfred Ashton* and *W. II. Sechler,* for appellant.—Facts found by an auditor approved by the court will not be disturbed except for manifest error. Roddy's Appeal, 99 Pa. 12.

The finding of an auditor if not supported by the evidence may be set aside or disregarded by the court. Speakman's Appeal, 71 Pa. 25; Stehman's Appeal, 5 Pa. 413; *Re* Harland, 5 Rawle, 323.

*John P. Linton,* for appellee.—No exception taken to the auditor's report directly raised this question. It was at least altogether discretionary with the court to go into this question. That any matter which is discretionary with the court below cannot be assigned for error has often been decided. Latshaw v. Steinman, 11 Serg. & R. 357; Dubois v. Glaub, 52 Pa. 242; Waldron v. Waldron, 55 Pa. 231; Pringle v. Pringle, 59 Pa. 281.

Per Curiam:

If, as is now alleged by the learned counsel for the appellant, the auditor failed to report the whole of the testimony presented to him, an exception to that effect ought to have been filed within the time specified by the rules of court. This not having been done, we cannot take cognizance of the subsequent action of the court of common pleas refusing to hear the appellant's depositions,—a matter purely discretionary.

Decree affirmed and the appeal dismissed, at the costs of the appellant.